JOHN MADDEN, ET AL., *v.* MARY CRUNDY'S TRUSTEE, ET AL.

**Homestead—Creditors' Rights.**

One entitled to claim a homestead exemption may sell such right and such sale is not in fraud of creditors, for they have no interest in it and cannot sell it to satisfy their claims; so long as the debtor lives his homestead is freed from creditor's claims.

APPEAL FROM BOURBON CIRCUIT COURT.

September 14, 1878.

OPINION BY JUDGE PRYOR:

The failure of the court below to allot to the appellants the homestead or its value, if the property was indivisible, necessitates a reversal. The appellant, Madden, at the time he sold and conveyed the property to his niece, was a bona fide housekeeper and entitled to the benefit of the exemption. This homestead to the value of $1,000 was not subject to the claims of creditors, and the proof shows that the entire property is not worth exceeding $700. It is only in the event of the death of the owner of the homestead that the creditor can sell it, subject to the possession and occupancy of the children. While the owner is living on the homestead no sale under a judgment or execution can pass to the purchaser either a vested or contingent interest in it. He has the right to sell it and purchase another, and if the chancellor sells the property when it is indivisible he must have paid to the owner $1,000 of the purchase money.

There is nothing in the statute preventing the owner from selling his homestead, and as the creditor is in no manner injured by it he cannot complain. If the property was of greater value than $1,000 and indivisible, under the proof in this case it should have been subjected to the claims of creditors, giving first to the purchaser $1,000 of the purchase money. Whether the business house or grocery is on the lot occupied as a homestead does not appear, but if it is and the entire lot is worth less than $1,000 it ought not to be sold to pay the debts. In such a case there could be no fraud practiced on the creditors, as the appellant, Madden, had the right to give the property to his niece if he saw proper. If the lot in controversy does not exceed in value $1,000 the petition should be dismissed. The judgment below is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Irvine Taylor, for appellants. Brent & McMillan, for appellees.*